STATE OF CONNECTICUT *v.* BENJAMIN F. RAWLS, JR.

REVIEW DIVISION OF THE SUPERIOR COURT

Decided March 31, 1967

*Anthony V. DeMayo,* public defender, for the defendant.

*George R. Tiernan,* state's attorney, for the state.

BY THE DIVISION. The defendant, thirty-two years of age, was originally indicted for the crime of first-degree murder committed on November 17, 1959. He was found unable to understand the proceedings against him and was committed to a state hospital for mental illness for confinement and treatment until the time of his trial. On September 17, 1965, the court found him able to understand the proceedings against him. On April 19, 1966, a substitute information was filed, charging the defendant with the crime of manslaughter in violation of General

Statutes § 53-13, for which the penalty is a fine of not more than $1000 or imprisonment for not more than fifteen years. The court imposed a sentence of not less than seven and not more than fourteen years.

On November 17, 1959, the defendant had been married for only a month. He had been divorced twice previously. He telephoned his wife, she told him that there were some men visiting her at the house, and he heard some people talking while he was talking to her. He then went to his father's house, where he got a 12-gauge shotgun, dismantled it, and placed it in a suitcase. He also placed four shells in his pocket and then walked to his home. When he arrived at the home, there were several men whom he did not know playing cards and drinking in the kitchen. His wife was dressed in a bathrobe and bedroom slippers. She put on slacks and a sweater and they started to talk in the parlor, and then went to the cellar, where they talked for about half an hour. He tried to assemble the shotgun but was unable to do so. Thereupon he took a rope, put a slipknot around her throat, and tightened it until she died. He then left, and later he was apprehended. He claimed that when he went down to the cellar she asked him to kill her. He said he was going to commit suicide. He wrote a note and gave it to a member of his family to give to the police. He told the probation officer who made the presentence investigation and report the following: "I had tried to talk to her, told her to ask them to leave. She wouldn't. That's when I did this foolish act."

The defendant had a long record, both as a juvenile and as an adult. He committed arson and forgery and altered and published a forged document. The offense of arson consisted of an attempt

in Georgia to burn down his house while his former wife was inside because he allegedly caught her with another man. He was paroled in Michigan, and his parole supervision was transferred to Connecticut. He was a problem to his parole supervisors and would not report as he was required to do. At the time of sentence, a warrant was lodged against him for violation of parole. It is unnecessary to detail further his prior record. The fact is that he was constantly in trouble with the law between 1948 and 1959.

In view of the nature of the crime under consideration, by reason of which he was indicted for first-degree murder, and the defendant's prior record, we conclude that his sentence was just and reasonable, and should stand.

PALMER, BARBER and COVELLO, Js., participated in this decision.